**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DARNELL MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-008-RLY-TAB |
| | ) | |
| C. MARINER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The defendants' request that the plaintiff's evidentiary materials submitted in support of his motion for summary judgment be stricken is **denied.**

2.      The plaintiff's federal claims in this action consist at this point of his claim under the Fourth Amendment that the defendant police officers used constitutionally excessive force in effecting his arrest in Indianapolis on April 23, 2004, and his claim under the Fourteenth Amendment that the same defendants violated the plaintiff's right to due process by not intervening in the use of force by the first group of defendants. These claims are asserted against the defendants in their individual capacities.

   a.      The lawful arrest of Matthews justified the use of force necessary to effectuate the arrest, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor,* 490 U.S. 386, 396 (1989). The force used in making the seizure in this instance was not objectively unreasonable. *Id.* at 395 ("[A]ll claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."); *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998).

b.      With respect to the failure to intervene claim under the Fourteenth Amendment's guarantee of due process, *Yang v. Hardin,* 37 F.3d 282 (7th Cir. 1994), instructs us that "[a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* at 285 (emphasis in original).

c.      Although the plaintiff has argued that he is entitled to the entry of summary judgment as to these claims–which would be warranted if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law,'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the Federal Rules of Civil Procedure)–there is a question of fact as to whether the force used against the plaintiff in effecting his arrest was or was not objectively reasonable. This question of fact is "material" in the sense that its resolution "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

d.      There are also questions of fact relating to the failure to intervene claim. Primarily, there is the same question as noted above with respect to the Fourth Amendment claim of excessive force, *i.e.,* was the force used against the plaintiff in effecting his arrest objectively unreasonable. Additionally, "[w]hether an officer had sufficient time to intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Lanigan v. Village of East Hazel Crest, Ill.,* 110 F.3d 467, 478 (7th Cir. 1997) (emphasis added). The evidentiary record at present does not show that a reasonable jury "could not possibly conclude otherwise."

e.      The plaintiff's pendent claims for assault and battery under Indiana state law are not susceptible at this point to resolution through the entry of summary judgment for the same reasons as preclude the entry of summary judgment relating to the corresponding federal claim under the Fourth Amendment.

3.      Material questions of fact thus prevent the granting of summary judgment for the plaintiff as to any of his claims. His motion for summary judgment is therefore **denied.**

4.      The certificate of readiness for trial filed by the plaintiff includes his assertion that conduct of the defendants violated his rights under the Eighth Amendment. As the foregoing discussion shows, however, the rights implicated by the plaintiff's allegations are those protected by the Fourth Amendment and by the Fourteenth Amendment. No viable claim under the Eighth Amendment is asserted in this action. Similarly, no viable claim for injunctive relief is present here, because the plaintiff is no longer subject to any

mistreatment or threat of mistreatment by the defendants. Thus, references in the plaintiff's certificate of readiness for trial to either the Eighth Amendment or the possibility of injunctive relief in this action are **stricken.** The certificate of readiness for trial filed by the plaintiff also includes his reference to the liability of former defendants Peterson and Barker. Claims against these defendants have been previously dismissed and are no longer subject to development or other resolution here. The parties' attention to each of these items is directed to the language in paragraph 1 of the Entry issued on April 21, 2005. The ruling in that Entry provided as follows:

> The plaintiff's complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). Having conducted this process, the following claims are dismissed as legally insufficient:
>
> a.  Claims against Bart Peterson and Jerry Barker are dismissed because such claims are based on the doctrine of *respondeat superior.*
>
> b.  The claim for injunctive relief is dismissed because the plaintiff is not subject to any continuing misconduct or supervision by any of the defendants.
>
> c.  The claim under the Eighth Amendment is dismissed, because the complaint sets forth a claim under the Fourth Amendment.

5.  The plaintiff's motion to amend and add witnesses to subpoena, filed on October 24, 2005, is granted to the extent that the plaintiff's intended witness list shall be amended to include Dr. Ryan Buhr, M.D., and Dr. Gerardo Gomez, M.D.  Whether these individuals are actually called as witnesses depends on future proceedings in the action, not the least of which will be whether the plaintiff has the funds sufficient to arrange for any subpoenas for these individuals to be served.

**IT IS SO ORDERED.**

Date:  11/08/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kelly Jean Whiteman
OFFICE OF CORPORATION COUNSEL
kjwhitem@indygov.org

Darnell Matthews
DOC #863871
Putnamville Correctional Center
1500 West U.S. 40
Greencastle, IN 46135-9275