UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARNELL MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:05-cv-008-RLY-TAB |
| ) | |
| CHARLES MARINER, DONALD BROWN, ) | |
| JEFFREY WILKENS, MARK FAGAN, and ) | |
| ROBERT HENDERSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON FEBRUARY 12, 2009, STATUS CONFERENCE AND MOTION TO STAY**

Parties appeared by counsel February 12, 2009, for a telephonic status conference. Argument was heard on Defendants' emergency motion to stay discovery and court deadlines [Docket No. 101], and discussion was held on settlement and the need for a Case Management Plan. For the reasons stated at the status conference, and as more fully set forth below, the Court denies Defendants' motion to stay. [Docket No. 101.] In addition, the parties shall file a proposed CMP within 20 days of the date of this order.

Defendants argue the Court should stay all discovery and deadlines until the resolution of Defendants' motion for judgment on the pleadings. [Docket No. 102 at 1-2.] Defendants contend the stay of discovery is particularly important because the pending dispositive motion raises qualified immunity issues. [*Id*. at 2-4.]

It is generally true that discovery should be stayed until the Court rules on a motion for judgment on the pleadings asserting qualified immunity. *See Pearson v. Callahan*, 172 L. Ed. 2d 565, 573 (2009); *Landstrom v. Ill. Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th

Cir. 1990) ("[T]rial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery."). The Supreme Court has explained that "the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims against government officials [will] be resolved prior to discovery.'" *Pearson*, 172 L. Ed. 2d at 573 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.") (internal quotations omitted), *overruled on other grounds by Pearson*, 172 L. Ed. 2d *565*; *Landstrom*, 892 F.2d at 674. Accordingly, the Supreme Court repeatedly has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 172 L. Ed. 2d at 573 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(per curiam)). But for several reasons this general principle is not well suited to the facts at hand.

First, as Plaintiff points out, Defendants failed to timely raise the qualified immunity issue. Plaintiff filed this action on January 3, 2005, but Defendants did not tee up the qualified immunity issue until they filed their motion for judgment on the pleadings on January 12, 2009, more than four years later. The point of raising immunity is to avoid discovery and the other burdens of litigation. That opportunity has long passed, as discovery is underway [*see* Docket Nos. 6-7, 28-31] and two motions for summary judgment filed by Plaintiff have been resolved [*see* Docket Nos. 8-11, 32-34, 48, 53].

Defendants argued at the status conference that Plaintiff's recently filed amended complaint changed the theories in the case and thus opened the way for Defendants to assert qualified immunity. However, in granting Plaintiff's motion to amend the complaint the Court

specifically stated, "[c]ontrary to the defendants' arguments, the proposed amended complaint does not add new legal theories." [Docket No. 93 at 1.] Thus, Defendants' explanation for the lack of timeliness in asserting qualified immunity is undermined, as is the reason for normally staying discovery when qualified immunity is timely asserted.

Moreover, Defendants are not seeking a stay of all discovery. This fact is demonstrated by the parties' joint motion to continue the trial, in which the parties state that granting the motion "would give the parties additional time to complete discovery . . . ." [Docket No. 111 at 2.] When asked at the status conference about this obvious contradiction, defense counsel at first said that this statement in the joint motion was a concession made by Defendants. Upon further inquiry, defense counsel stated that Defendants would like for all discovery except expert discovery to be stayed. Plaintiff's counsel then noted that likely the only expert discovery in this case would be conducted by Defendants. Thus, Defendants are effectively asking that they be able to continue conducting their discovery while precluding Plaintiff from conducting his discovery.

Additionally, and without reaching a premature conclusion on Defendants' motion for judgment on the pleadings, the Court notes that Defendants' position that factual issues remain in the case, [Docket No. 48 at 5 ("The evidence (or rather lack thereof) presented by Matthews is, at the very least, in direct opposition to that submitted here by Defendants."); Docket No. 56 at 1-2], which the Court also found, [Docket No. 53 at 2; Docket No. 57; Docket No. 64], is difficult to reconcile with Defendants' motion for judgment on the pleadings. *See Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987) ("A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of

3

fact remains to be resolved and that he or she is entitled to judgment as a matter of law.  The court may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party.") (citations omitted).  While it is possible that there is a resolution for this inconsistency, this backdrop raises some doubts as to the success of the motion for judgment on the pleadings, which the Court takes into consideration in addressing the motion to stay.

Finally, the factors normally considered by this Court in determining whether to grant a motion to stay indicate that a stay is not warranted in this situation.  These factors are: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court."  *Centillion Data Sys., LLC v. Convergys Corp.*, 1:04-cv-0073-LJM-WTL, 2005 U.S. Dist. LEXIS 45195, at *3-4 (S.D. Ind. Aug. 24, 2005).

First, the particular stay requested by Defendants would likely prejudice or tactically disadvantage Plaintiff because it seemingly would allow Defendants to conduct discovery but would not permit Plaintiff to do so.  Second, a stay would simplify the issues and streamline the trial only if Defendants get a favorable ruling on their motion for judgment on the pleadings.  However, as the Court noted above, without prematurely deciding on that motion, at least facially there appears to be a difficulty with granting the motion based on representations made by Defendants and determinations made by the Court regarding material facts in dispute.  Finally, a stay this late in the proceedings will likely not significantly reduce the burden of litigation on the parties and the Court.  Rather, a stay will most likely just further delay

4

resolution of this case.

"[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The best exercise of this discretion in this instance is to deny Defendants' motion to stay. The circumstances for staying litigation, both in general and specifically in connection to a claim of qualified immunity, are not present in this case.

Based on the foregoing, Defendants' motion to stay [Docket No. 101] is denied. The parties shall file a proposed CMP with the Court within twenty days of the date of this order.

Dated: 02/19/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Richard G. McDermott
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com