UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARNELL MATTHEWS, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:05-cv-0008-RLY-TAB |
| ) | |
| CHARLES MARINER, DONALD ) | |
| BROWN, JEFFREY WILKENS, MARK ) | |
| FAGAN, and ROBERT HENDERSON, ) | |
|     Defendants. ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Darnell Matthews ("Plaintiff"), brings the present lawsuit against Charles Mariner ("Officer Mariner"), Donald Brown ("Officer Brown"), Jeffrey Wilkens ("Officer Wilkens"), Mark Fagan ("Officer Fagan"), and Robert Henderson ("Officer Henderson"), police officers with the Indianapolis Metropolitan Police Department (collectively "Defendants"), under 42 U.S.C. § 1983 for excessive force and failure to intervene to prevent the use of excessive force.  Defendants move for summary judgment on the grounds that Plaintiff's claim is barred by the doctrines of *Heck v. Humphrey*, 512 U.S. 477 (1994), qualified immunity, and by the fact that their use of force was reasonable.  For the reasons explained in this Entry, the Defendants' motion for summary judgment must be **GRANTED** as to the first of these arguments, while the remainder need not be addressed.

1

**I.     Factual Background**

On April 23, 2004, at approximately 4:35 a.m., Michael Goldman ("Goldman") noticed an individual stealing metal from a nearby property and called 911 to report the matter. Goldman identified Plaintiff as the suspect. This suit arises from the course of events that transpired while the Defendants were effecting Plaintiff's arrest. In short, Plaintiff alleges that the Defendants used excessive force in effecting his arrest by beating and hitting him. Plaintiff further alleges he suffered dog bites from Canine Officer Fifteen. Defendants respond that they used force in effecting Plaintiff's arrest because he forcibly resisted their efforts to arrest him, from the time they told him to stop and exit his truck, to the time that he was handcuffed.

Plaintiff was eventually charged and convicted of (1) burglary, a Class C felony; (2) theft, a Class D felony; (3) fleeing from a law enforcement officer, a Class A misdemeanor; and (4) forcibly resisting arrest of a law enforcement officer, a Class A misdemeanor. The Indiana Court of Appeals affirmed his convictions. (Plaintiff Dep. at 80). Plaintiff also filed a petition for post-conviction relief, which was denied. (*Id.* at 80).

**II.    Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's function is not to weigh the evidence

and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

In determining whether a genuine issue of material fact exists, the court must view the record and all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). The moving party bears the burden of demonstrating the "absence of evidence on an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party may not, however, simply rest on the pleadings, but must demonstrate by specific factual allegations that a genuine issue of material fact exists for trial. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) (citing *Celotex*, 477 U.S. at 322)).

## III. Discussion

Defendants maintain that Plaintiff's Section 1983 excessive force claim is barred under the rule of *Heck v. Humphrey*. "The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *Knight v. Thomas*, 2008 WL 1957905, at *8 (N.D. Ind. May 2, 2008) (citing *Heck*, 512 U.S. 477). In *Heck*, the Supreme Court held that where a Section 1983 plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment, or other harm whose unlawfulness would invalidate a conviction or sentence, the plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87.  This showing (i.e., that a conviction or sentence has been reversed, expunged, etc.) is only required where a judgment in favor of a Section 1983 plaintiff "necessarily impl[ies] the invalidity of his conviction or sentence." *Id.* at 487.  Conversely, if the civil action, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*.

In general, a plaintiff who has been convicted of resisting law enforcement is not necessarily *Heck* barred from maintaining a Section 1983 action for excessive force stemming from the same set of facts.  *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (citing *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).  "A contrary conclusion . . . would 'imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.'" *Id*. (quoting *VanGilder*, 435 F.3d at 692).  Such a result "would open the door to undesirable behavior and gut a large share of the protections provided by [Section] 1983." *VanGilder*, 435 F.3d at 692.  Thus, a civil judgment that the Defendants in this case used excessive force in effecting Plaintiff's arrest would not necessarily imply the invalidity of Plaintiff's criminal conviction for forcibly resisting law enforcement.

Despite the holding of *VanGilder*, Defendants contend that Plaintiff's claim is barred because Plaintiff makes specific factual allegations that are necessarily inconsistent with the validity of his criminal convictions.  *See McCann*, 466 F.3d at 621;

*Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (As "master of his ground," if a plaintiff makes allegations that are inconsistent with his valid convictions, "*Heck* kicks in and bars his civil suit.").

The court has before it two very different versions of what transpired between Plaintiff and Defendants on August 23, 2004. Under Defendants' version, they used only the force that was necessary to effect Plaintiff's arrest, and thus, Defendants did not violate Plaintiff's constitutional rights. Under Plaintiff's version, as set out in his Amended Complaint, discovery responses, deposition testimony, and his testimony in his criminal trial, Defendants used excessive force and violated his constitutional rights. The problem for Plaintiff is that he categorically denies that he resisted arrest and/or resisted arrest by force. (*See* Submission Statement, Docket # 42 ¶ 1 (asserting that "this assault was unprovoked and there was never any proof that Plaintiff was resistant to the officers at the time of the assault"); Plaintiff's Discovery Response, Docket # 98, Response No. 5, denying that he forcibly resisted arrest); Amended Complaint, Docket # 94, ¶ 15 (alleging that the Defendants did not order him to exit the truck), ¶ 16 (alleging that he did not attempt to fight back against the Defendants). Indeed, in his deposition filed in this case, he denied that he committed the burglary, (Plaintiff Dep. at 79); denied that he committed the theft, (*id.* at 83); denied that he fled from Officer Brown, (*id.* at 79, 83); denied fighting with the officers, (*id.* at 83); denied that he ever resisted arrest, (*id.* at 83); and denied that he ever resisted arrest by force, (*id.* at 79). Plaintiff also testified that he was wrongfully convicted as a result of the April 23, 2004 incident. (*Id.* at 79-80).

Thus, Plaintiff's version of events necessarily implies that his conviction for forcibly resisting law enforcement was unlawful, and thus, runs straight into the barrier of *Heck*.

Plaintiff submits that the validity of his convictions is not at issue in this case, and that the only issue is whether Defendants used excessive force and/or failed to intervene to prevent excessive force during the arrest. This argument was raised and rejected in *Okoro v. Callaghan*, *supra*. In that case, the plaintiff was found guilty of heroin distribution. 324 F.3d at 489. The plaintiff thereafter brought a civil case against the officers who arrested him on grounds that during the search incident to arrest, they stole his gems and cash. *Id*. The plaintiff took the position that he was not trying to sell the officers heroin as they testified; he was trying to sell them gems and cash, which they stole. *Id*. The district court denied the defendant's Heck motion "because of the theoretical possibility . . . that the defendants had both found illegal drugs in Okoro's home and stolen gems and cash that they also found there." *Id*. at 490. On appeal, the Seventh Circuit reversed, reasoning that, "[i]t is irrelevant that he disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars the claim." *Id*.

Throughout this civil case – from the pleadings through the presentation of evidence in the motion for summary judgment – Plaintiff has adhered steadfastly to his version of the facts in which he committed no crime at all. Based upon the reasoning of *Okoro*, the court must conclude that Plaintiff's claims for excessive force and failure to intervene to prevent the use of excessive force are barred by *Heck* unless and until his

convictions are set aside.  *Accord, McCann*, 466 F.3d at 622 ("The question for us, then, is not whether [the plaintiff] could have drafted a complaint that steers clear of *Heck* (he could have), but whether he did.").

## IV.    Conclusion

The Defendants' Motion for Summary Judgment (Docket # 137) is **GRANTED** and a judgment consistent with this Entry shall issue.  The dismissal is without prejudice, so that if the *Heck* bar is removed at some future time, Plaintiff's claim will actually accrue and may be asserted in an appropriate forum.


**SO ORDERED** this  30th  day of December 2009.

                                        RICHARD L. YOUNG,  CHIEF JUDGE
                                        United States District Court
                                        Southern District of Indiana


Electronic Copies to:

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Richard G. McDermott
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
rmcdermo@indygov.org

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

John C. Ruckelshaus
RUCKELSHAUS  KAUTZMAN BLACKWELL BEMIS & HASBROOK
jcr@rucklaw.com