**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DARNELL MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-008-RLY-TAB |
| | ) | |
| C. MARINER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Motion to Reconsider**

The plaintiff's motion to reconsider, alter judgment, and for relief from judgment, pursuant to Rules 59(e) and 60(b)(6) (dkt 149), asserts that the court's decision to grant summary judgment in favor of the defendants was based on a manifest error of law. The defendants have opposed the motion to reconsider.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the plaintiff's motion to correct errors relative to the entry of final judgment, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). By contrast, asserted errors of law are not fodder for relief pursuant to Rule 60(b). See *Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground.").

Based on the foregoing, plaintiff Matthews' post-judgment motion, filed within ten (10) working days from the entry of judgment on the clerk's docket on December 30, 2009, is **treated as a Rule 59(e) motion only**. The motion is **denied** to the extent it relies on Rule 60(b)(6).

Matthews argues that the court failed to recognize the controlling precedent of *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008), and *Hardrick v. City of Bolingbrook,* 522 F.3d 758 (7th Cir. 2008), cases which were decided subsequent to the case relied on by the court in its decision to grant summary judgment in favor of the defendants. *Okoro v. Callaghan,* 324 F.3d 488 (7th Cir. 2003). Matthews contends that *Gilbert* and *Hardrick* have rejected the court's interpretation of *Okoro*, and this simply is not true. The law has not changed. Rather, the facts among the various cases cited by Matthews are different. "*Heck* prevents a litigant from contradicting a valid judgment." *Gilbert,* 512 F.3d at 901. In *Gilbert*, the plaintiff's claim did not necessarily imply the invalidity of his disciplinary board conviction, as he "attempted to present his claim without either contesting or accepting the board's finding" that he had struck a guard. *Id.* at 901. Similarly, "[w]hile straddling a fine line, Hardrick has not alleged a factual scenario in his § 1983 action that has crossed over to a situation like the one in *Okoro*." *Hardrick*, 522 F.3d at 764. Unlike the plaintiff in *Okoro*, in asserting his excessive force claim, Hardrick did not allege facts that necessarily contradicted his conviction of resisting arrest.

In his amended complaint, Matthews alleged that he "did not attempt to fight back against the Defendants." This allegation necessarily contradicted his conviction of forcibly resisting arrest. Matthews could have chosen to not mention whether or not he resisted, but instead he chose to allege that he did not fight back.

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010) (internal quotation omitted). There was no manifest error of law in this case. Accordingly, Matthews' motion to reconsider (dkt 149), treated as a motion to alter or amend judgment, is **denied.**

**IT IS SO ORDERED.**

Date:  August 23, 2010

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan Lamont Mayes
OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Debra Hanley Miller
Miller & Fisher LLC
miller@millerfisher.com